I'm sorry to make you wait so long. Not a problem, Your Honor. May it please the Court. My name is Tom Murphy and I represent the Gila River Indian Community and Gila River Health Care Corporation. This case raises the single issue of whether the community's claims are subject to the jurisdiction stripping provisions of the Veterans Judicial Review Act. Counsel, let me ask you about a word of use. You call it jurisdiction stripping provision. I remember the old days. It used to be a veteran's claim could go as high as the Board of Justice. It was the end. There was no judicial review whatsoever. And then after the Supreme Court spoke on the matter, Congress quickly created a whole new system. And there was a Court of Veterans Claims, an Article 1 Court, and then from there you'd go to the Federal Circuit, which is a circuit court just like this one, one of our sister circuits. To me, it looks like what they did was not strip jurisdiction but create jurisdiction in an Article 3 Court. And they channeled jurisdiction and it's a jurisdiction channeling statute just like it would the Tucker Act with claims against the federal government for breach of contract. They all go to the Federal Circuit, same way. They go to the Court of Claims and then the Federal Circuit. So I don't understand why this is a jurisdiction stripping statute or why it should be viewed with the same kind of review as a jurisdiction stripping statute. It looks like just a jurisdiction expanding and channeling statute. Your Honor, I do understand the scheme that was created by Congress after Traynor v. Turnage. However, you know, I think at the point that the statute basically tells parties that if you want to review a decision of the Secretary, you may not go to federal district court. You have to start in an administrative process. It tells people that on, gee whiz, maybe half or two-thirds of the cases we get, we don't get the ones that go to the Federal Circuit. What is that? Patents, Court of Claims stuff? Correct. Instead, you get petitions for review from all the administrative agencies. I don't see why this is any different. I think it's just at the wrong end of the country. I think there's a presumption in favor of federal court review of an administrative action. But you've got federal court review. You've got the Federal Circuit. After you go through an exhaustive and lengthy administrative process. That's not saying you don't have review. That's just saying you have review in the Federal Circuit, not the Ninth Circuit. And that's correct. I think if you go through the administrative process, you do ultimately get review in the Federal Circuit. I think the question here, though, is in really the way that the community . . . I'd be a whole lot more worried by your concern about the burden if you were talking about one individual veteran who got shafted. But you're talking about one big institution against another big institution. Well, Your Honor, I'm talking about . . . I mean, I represent an Indian tribe with 20,000 members in southern Arizona in its health care corporation. I think that the point here, and really it goes to the heart of the statute involved, which is that for a federal court to hear this case and decide it would not have any effect on any benefit received by any veteran. That I don't understand either. I mean, when the VA provides benefits to a veteran, sometimes it does it by saying, yeah, go to the VA hospital and they'll take care of you. And sometimes it does it by saying, well, you can go to Dr. So-and-so in town and he'll send us the bill and we'll take care of it. And that's how they provide the benefit. Just like a lot of federal benefits where the feds have them provided by third parties. Absolutely, Your Honor. And I think that that's an excellent way to distinguish the statute involved in this case. Well, you know, I'm not sure that this needs to affect benefits in that sense in which you just said. Because the statute says, decide all questions of law and the secretary under a law that affects the provision of benefits. So if the law affects the provision of benefits and the VA makes a decision under that law, we don't hear it. So this does not itself have to affect benefits. It has to be a decision under a law that affects benefits. And Section 25 U.S. Code Section 1645C does not affect any benefit a veteran receives. Going back to Judge Kleinfeld's question, the reimbursement statutes under the VA, and they cite a whole bunch in their brief, all share a common characteristic, which is that the VA stands in the shoes for the veterans. And ultimately, the VA will only pay what a veteran would otherwise pay out of pocket in the event that they receive care from a third party. If the veteran is not eligible for reimbursement, they're personally liable. I imagine that if the VA has benefits provided by a third party to the veteran, there has to be some kind of deal worked out or else a deal imposed by the VA for how much they're going to pay. Otherwise, they're not going to reimburse $800 for a 20-minute visit with a nurse. True. And the distinction here, though, Your Honor, is this. Under Section 1645C, the veteran is not personally liable for the charges for health care received. That's why VA reimbursement is to a veteran, whereas under 1645C, reimbursement is to the United States or a tribe or a tribal health care provider for health care that's provided under the trust obligation of the United States to the Indian tribes. Well, that sounds just like the way Medicare works. If the doctor accepts Medicare patients, he can't bill the patient for the difference between the Medicare reimbursement and the market rate. That's correct. It sounds just the same. But that's not exactly the way that the care provided by an Indian tribe or a tribal health care provider is provided to eligible Native Americans within their service population. So before Section 1645C, veterans received care from the tribe and from tribal health care providers. After Section 1645C, they receive exactly the same benefit. The only difference here is which pot of federal money goes to pay for that care. And that, the community contends, is not a benefit under Section 511A and is subject to federal court review. It cannot be disputed Well, I guess you've already addressed that. That gets back to which court? Congress says Federal Circuit and you say Ninth Circuit. Yes, Your Honor. It cannot be disputed that providing health care to Native Americans is the United States' trust responsibility, even if it's done by the In the House report on the amendments that ultimately became Section 1645C, Congress made specific findings. One of the findings it made was that federal health care services to maintain and improve the health of Indians are consonant with and required by the federal government's historical and unique legal relationship with and resulting responsibility to the American Indian people. In addition, in 25 U.S. Code 1602, the Declaration of the National Health Care Policy, Indian health care policy, Congress stated that it was enacting that in fulfillment of its special trust responsibility and legal obligations to the Indians. In Section 16021, the law provides that the purpose is to ensure the highest possible health status for Indians and to provide all other statutes recently considered by this Court. This case involves a statute that was expressly enacted pursuant to the United States' trust responsibility to Indian tribes. There is a reason that this statute is in Title 25, not in Title 38. Well, you're absolutely right on that. And I agree with you that we're talking about the responsibility to reimburse the Indian tribes under this Indian tribe statute, not the veterans review statute. However, somewhere in the whole process of reimbursement, there has to be a how much issue. And it seems to me your argument precludes the how much issue. I think what you're saying is the VA has to reimburse the Indian tribe for whatever dollar figure the Indian tribe puts down on the bill. And, Your Honor, there may be, I mean, if the matter is remanded to the district court, I mean, there may be issues involving the how much issue. On the other hand I don't see how they could get past your analysis of the statute. On the other hand, when the VA opposed this law, I mean, one of the reasons they opposed it is because it basically said it gives us no control over how the care is provided to the Native Americans. Section 1645 shifts the burden for the discharge of the federal trust responsibility for providing health care to Native American veterans from the United States and tribes to the Department of Veterans Affairs. Thus, the reimbursement under 1645C is not for benefits provided to veterans but for health care provided to Native American veterans under the trust responsibility. To the extent that the VA is required to reimburse under the trust responsibility, the community believes that's well beyond the scope of Section 511A. And if you think about the nature of the claims made in the community's complaint and the scope of those claims, it seems fairly incongruous to require the community to go through an initial VA office and the VA's administrative process. Wouldn't processing the claim, well, I guess this bears on this Racinto case and Veterans for Common Sense. I'm thinking for the VA to pay the Indian Hospital, it would have to determine whether the claim by the Indian Hospital was an appropriate individual benefits request. So that if, for example, it was $800 for a 20-minute visit with a nurse, the VA would be free to say this exceeds our standards for payment by other providers. Your Honor, the plain language of the statute contains no restrictions on it. It simply says that the VA will pay the Indian tribes, the United States, or the tribal health care providers for the care provided. So there's not any limitations such as that. I'm just going to comment by saying that under your interpretation, the VA would have no authority to review the amount of the claim. You know, I think in the absence of some separate agreement between the parties, I don't think the statute gives them that authority. I think it imposes the same trust responsibility that the United States has currently through Indian Health Service onto the VA. As I recall, the VA's position throughout was, yeah, we'll be glad to reimburse the tribes for the provision of medical care through the Indian hospitals. Let's negotiate the agreement for how much, for what care. And the Indian hospital said, no, we don't have to. Not exactly, Your Honor. I think the position of Gila River Health Care Corporation was that the template, the boilerplate agreement that the VA was providing to the eligible Native American veterans. And in addition, I think before I reserve a few minutes for rebuttal, I would note that the cases, the Shinseki case and the Racinto case, I think are fairly easily distinguished, as are many of the other cases, because even though those cases speak in broad language, ultimately they all came down to a proposition, which is that they would require review of decisions made in the context of an individual veteran's claim. This case requires no such analysis by the district court. And in some cases, I think below that the appellate courts have decided, or in other circuits, those cases may have required the courts to evaluate thousands of claims. All the community is asking here is that the district court enforce the statute as written and as Congress intended. Okay. Thank you. Let's hear from the other side, and you've saved some time. Good morning. May it please the Court. Laura Myron for the government. The claim at issue here is a request by the community for reimbursement for services provided to specific veterans for specific services dating back to 2010 and going forward. And they've asked for an injunction that would compel VA to pay for those services. To the extent that that is a consideration of individual benefits claims for each of those individual visits, what Congress has said is that review of those kinds of claims goes through the exclusive administrative and judicial review processes laid out in Section 511. I might also point out that Section 511B also provides for review of challenges to VA's rules and regulations directly before the Federal Circuit. So to the extent the community wished to challenge the policy at issue, we would have arguments certainly about final agency action and things like that. But a claim like that could be brought directly in the Federal Circuit. But what you cannot do is bring an APA claim in district court and seek to litigate this question that bears on a decision by the Secretary as that affects decisions related to veterans' benefits in district court. And if I might mention also the question of how much is certainly at issue, and I think underscores the point that what they're asking for is reimbursement for services provided. And this case would raise the question of how much money is provided for those services, what kinds of services are covered, what kinds of veterans are eligible for those services. And those are the exact considerations that this Court and others have said means that this claim is subject to the channeling requirements in Section 511A. If I might also point out, as the district court correctly concluded, even assuming the community is correct about their interpretation of Section 1645 and it is interpreted as broadly as they claim that it is, that does not bear on this Court's determination of the scope of Section 511A. And it does not affect whether or not this claim is properly reviewed before this Court or before the Federal Circuit. So to the extent that what they're asking for is reimbursement for services, as I said, the proper thing to do would have been to file a claim for reimbursement and to litigate that claim and whether or not a sharing agreement is necessary for reimbursement to be paid through the administrative and judicial review processes laid out by Congress. If the Court has no further questions? I am a little curious. Let's say that an Indian tribe files a claim with the VA for reimbursement for a year's worth of services, medical services provided to veterans and it covers 50,000 veterans. What happens then? Does the VA have some system where they either sample the claims or review each one or review each hundredth claim or use a random number generator and then they look at it and see whether the claims are for people that they provide health care to veterans for and what the charges should be? So my understanding is that usually those claims are filed individually. I understand that they're seeking to challenge a sort of statutory legal question, so perhaps they'd file an initial claim and litigate that question through the process there to the extent they're seeking to challenge a broad policy determination. As I said, there are other avenues for that kind of challenge. The other avenue for that kind of challenge? They could file a challenge, a petition for direct review, as I said, in the Federal Circuit challenging rules and regulations issued by the VA. As I said, there would be arguments about whether there's final agency action here that would properly subject this claim to APA review. In this case where the Indian Health Service says, your agreement is oppressive and not in accord with the law, so you must reimburse us without us signing on to your agreement, the Indian Health Service hospitals could then seek review of that VA denial position in the Federal Circuit in accordance with veterans' claims and then the Federal Circuit. So first of all, the Indian Health Service has entered into this kind of sharing agreement that's at issue here with the VA and is receiving reimbursements for the services facilitated through that agreement, but assuming a tribal provider wanted to challenge the scope of these kinds of agreements or the question of whether or not they're required for reimbursement to flow under Section 1645, what they would do is file a claim for reimbursement with VA for services provided. That claim would be denied because the VA's position is that this kind of sharing agreement is required before reimbursement is paid, and then they would seek to appeal that through the administrative and judicial review process provided for in the VJRA. And if I could point out, their position is that they're entitled to reimbursement dating back to 2010, and they haven't provided any explanation for why they haven't sought to litigate this through the VJRA system prior to now at any time during the last eight years. They certainly would have been entitled to file that kind of request for reimbursement and to litigate that question through the VJRA scheme at any point in the last, as I said, eight years since the statute went into effect. Okay? Thank you. Thank you. Thank you. May it please the Court, I think to answer Judge Kleinfeld's question, if the community made a claim tomorrow for care for 10,000 veterans, what would happen is the VA would deny the claim because they've said, we are going to deny any and every claim that's made individually until you sign our sharing or our template agreement, and that is their position. Why would that not leave you with a path to appeal through the appellate, administrative appellate process and then ultimately to the federal circuit? Well, I think one thing that could potentially occur is the VA could potentially argue within its administrative process that it lacks jurisdiction within its administrative process to grant the relief that the community seeks in its complaint, which has also been the VA's position. If you look at the VA's administrative process, there are at least three points that I'd like to make. First, it was designed for adjudicating individual claims involving veterans. This case does not require adjudicating a single claim. Second, it was designed to have courts avoid technical issues involving VA benefits. This case involves an issue of statutory interpretation. And then finally, the cases in this, the issues in this case are not suited for the VA's non-adversarial system, but as you could see from the nature of the complaint, they're definitely suited for the adversarial system that this Court is designed to provide. Those are all really good policy arguments. Thank you, Your Honor. Thank you very much. Thank both sides for nice arguments. The Gila River Indian Community and Gila River Healthcare Corporation versus the VA submitted for decision.
judges: Kleinfeld, W. Fletcher, Fisher